Merrimack, }
  Dec., 1899. }

STEVENS v. HOOD, *Adm'r.*

If the principal on a probate bond die insolvent, a creditor is under no obligation to present his claim to a commissioner upon the estate, but may look to the surety for the whole amount.

PETITION, for leave to appeal from a probate decree made in 1898, finding a balance in the hands of Henry J. Crippen, upon the settlement of his account as administrator with the will annexed of the estate of George W. Lawrence.   The plaintiff was a surety on Crippen's bond.   Crippen died in 1893.   His estate was settled in the insolvent course, the report of the commissioner being accepted in 1895.   The claim of the Lawrence estate was not presented to the commissioner.

The court found that the plaintiff was prevented by accident, mistake, or misfortune from claiming the appeal; but that the petition should be dismissed unless the failure to present the Lawrence claim to the commissioner on Crippen's estate should modify the decree mentioned in the petition.   It was ordered that the petition be dismissed, and the plaintiff excepted.

*Leach & Stevens,* for the plaintiff.

*Sargent & Niles,* for the defendant.

PEASLEE, J.   It is found that justice does not require the granting of this petition, unless the failure to present the Lawrence claims to the commissioner upon the estate of the adminis-

trator who was liable therefor is a bar to a suit against his bonds-men. Such failure is not a defence. "If the principal die, and his estate be administered in the insolvent course, the creditor is under no obligation to present his claim to the commissioner and procure what he may from that estate. He has a right, in such a case, to look to the surety for the whole amount." *Sibley* v. *McAllaster*, 8 N. H. 389, 390; *Morrison* v. *Bank*, 65 N. H. 253, 280. The petition was rightly dismissed. *Holton* v. *Olcott*, 58 N. H. 598.

*Exception overruled.*

YOUNG, J., did not sit: the others concurred.